**RIDGE RUNNER FORESTRY,**
**Appellant,**

v.

**Ann M. VENEMAN, Secretary**
**of Agriculture, Appellee.**

**No. 01–1233.**

United States Court of Appeals,
Federal Circuit.

DECIDED: April 18, 2002.

Terrence M. O'Connor, Law Office of Terrence M. O'Connor, of Alexandria, VA, argued for appellant.

Maureen A. Delaney, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for appellee. With her on the brief were Stuart Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; Mark Melnick, Assistant Director.

Before MAYER, Chief Judge, CLEVENGER and GAJARSA, Circuit Judges.

MAYER, Chief Judge.

Ridge Runner Forestry appeals from the decision of the Department of Agriculture Board of Contract Appeals dismissing its cause of action for lack of jurisdiction pursuant to 41 U.S.C. §§ 601–613. *In re Ridge Runner Forestry*, AGBCA No. 2000–161–1, 2001 WL 170915 (Feb. 13, 2001). Because no contract had been formed, we affirm the board's decision.

### Background

Ridge Runner Forestry is a fire protection company located in the Pacific Northwest. In response to a request for quotations ("RFQ") issued by the Forestry Service, Ridge Runner submitted a proposal and ultimately signed a document entitled Pacific Northwest Interagency Engine Tender Agreement ("Tender Agreement"). The Tender Agreement incorporated the RFQ in its entirety, including the following two provisions in bold faced lettering: (1) "Award of an Interagency Equipment Rental Agreement based on response to this Request for Quotations (RFQ) does not preclude the Government from using any agency or cooperator or local EERA resources"; and (2) "Award of an Interagency Equipment Rental Agreement does not guarantee there

will be a need for the equipment offered nor does it guarantee orders will be placed against the awarded agreements." *Request for Quotation*, No. R6–99–117 (March 29, 1999). Additionally, because the government could not foresee its actual equipment needs, the RFQ contained language that allowed the contractor to decline the government's request for equipment for any reason: "Because the equipment needs of the government and availability of contractor's equipment during an emergency cannot be determined in advance, it is mutually agreed that, upon request of the government, the contractor shall furnish the equipment offered herein *to the extent the contractor is willing and able at the time of order*." *Id.* (emphasis added). The RFQ also included a clause informing bidders that they would not be reimbursed for any costs incurred in submitting a quotation. Ridge Runner signed Tender Agreements in 1996, 1997, 1998, and 1999. In 1999, it presented a claim for $180,000 to the contracting officer alleging that the Forestry Service had violated an "implied duty of good faith and fair dealing" because Ridge Runner had been "systematically excluded for the past several years from providing services to the Government." In response, the contracting officer told Ridge Runner that she lacked the proper authority to decide the claim. Ridge Runner timely appealed the decision to the Department of Agriculture Board of Contract Appeals. The board granted the government's motion to dismiss concluding that because no contract had been entered into, it lacked jurisdiction under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601–613.

### Discussion

 We have jurisdiction over an appeal from a decision of an agency board of

contract appeals by virtue of 28 U.S.C. § 1295(a)(10). The board's jurisdiction under the CDA requires, at a minimum, a contract between an agency and another party. 41 U.S.C. § 607(d) (1994, amended in 2000). Therefore, the threshold matter is whether the Tender Agreements constituted contracts between the parties, which is a question of law that we review *de novo*. *See Oman–Fischbach Int'l v. Pirie*, 276 F.3d 1380, 1383 (Fed.Cir.2002).

 "To be valid and enforceable, a contract must have both consideration to ensure mutuality of obligation … and sufficient definiteness so as to 'provide a basis for determining the existence of a breach and for giving an appropriate remedy.'" *Ace–Federal Reporters, Inc. v. Barram*, 226 F.3d 1329, 1332 (Fed.Cir.2000) (internal citations omitted). "To constitute consideration, a performance or a return promise must be bargained for." *Restatement (Second) of Contracts* § 71(1) (1979). And the "promise or apparent promise is not consideration if by its terms the promisor or purported promisor reserves a choice of alternative performances…." *Id.* § 77.

██ Ridge Runner argues that the Tender Agreement was a binding contract that placed specific obligations upon the government; namely, the government was obligated to call upon Ridge Runner, and the other winning vendors, for its fire fighting needs, and in return, the vendors were to remain ready with acceptable equipment and trained staff to answer the government's call. This, Ridge Runner argues, places the alleged contract squarely within our holding in *Ace–Federal*, 226 F.3d 1329.

*Ace–Federal* involved a requirements contract whereby the government was obligated to use, with limited exceptions, enumerated suppliers. Following a request for proposals, Ace Federal, as well as other vendors, contracted with the gov-

ernment to provide court reporting and transcription services for various federal agencies. Included in each of the contracts was the standard requirements clause found in Federal Acquisition Regulation § 52.216–21(c) which provides "[e]xcept as this contract otherwise provides, the Government shall order from the Contractor all the supplies or services specified in the Schedule that are required to be purchased by the Government activity or activities specified in the Schedule." 48 C.F.R. § 52.216–21(c) (1988). Each contract also included a termination for convenience clause that limited government liability should the General Services Administration ("GSA") choose to cancel any contract. During the relevant term, some of the covered agencies contracted for transcription services from non-contract sources without obtaining the necessary waiver. We held that "each time an agency that did not obtain a GSA waiver arranged for services covered under the contract from a non-contract source, the government did not act within the limited exception and breached the contract." *Ace–Federal*, 226 F.3d at 1332–33.

 The contract in *Ace–Federal* is quite distinct from the Tender Agreements at issue in this case. That contract obligated the government to fulfill all of its requirements for transcription services from enumerated vendors or obtain a waiver. The Tender Agreements here are nothing but illusory promises. By the phrase illusory promise is meant words in promissory form that promise nothing; they do not purport to put any limitation on the freedom of the alleged promisor, but leave his future action subject to his own future will, just as it would have been had he said no words at all. *Torncello v. United States*, 231 Ct.Cl. 20, 681 F.2d 756, 769 (1982) (quoting 1 *Corbin on Contracts* § 145 (1963)). The government had the

option of attempting to obtain firefighting services from Ridge Runner or any other source, regardless of whether that source had signed a tender agreement. The Agreements contained no clause limiting the government's options for firefighting services; the government merely "promised" to consider using Ridge Runner for firefighting services. Also, the Tender Agreement placed no obligation upon Ridge Runner. If the government came calling, Ridge Runner "promised" to provide the requested equipment only if it was "willing and able." It is axiomatic that a valid contract cannot be based upon the illusory promise of one party, much less illusory promises of both parties. *See Restatement (Second) of Contracts* § 71(1).

## Conclusion

Accordingly, the decision of the Department of Agriculture Board of Contract Appeals is affirmed.

*AFFIRMED.*